IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER SALAY-MARTINEZ and ELMER AUGUSTO MARTINEZ, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15 C 6137 |
| v. | ) ) | Judge Virginia M. Kendall |
| MIZRAHI GRILL, LLC and ELIYAHU MIZRAHI, individually, | ) ) ) ) | |
| Defendants. | ) | |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENTS AND RELEASES**

Plaintiffs, Alexander Salay-Martinez and Elmer Augusto Martinez ("Plaintiffs") and Defendants, Mizrahi Grill LLC ("Mizrahi Grill") and Eliyahu Mizrahi (together "Defendants"), through their respective counsel, seek approval of their settlement in this lawsuit (Plaintiffs and Defendants will be collectively referred to as the "Parties"). This lawsuit was brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between them. In support of their Motion, the Parties state as follows:

1. On July 13, 2015, Plaintiffs filed this lawsuit against Defendants alleging that Defendants violated the FLSA, IMWL and IWPCA. (Dkt. No. 1). Specifically, Plaintiffs alleged that they and other similarly situated individuals were not paid overtime wages, were not

compensated for all hours worked, and were paid below the minimum wage. Defendants deny that they violated the FLSA, IMWL and IWPCA.

2. Plaintiffs and Defendants have engaged in extensive arm's-length settlement negotiations privately through counsel. The settlement negotiations have resulted in individual settlements between Plaintiffs and all Defendants. The terms of settlement are contained in the Settlement Agreement and Release, which Defendants have served upon the Court contemporaneously with this Motion for an *in camera* review.

3. Court approval of wage settlements under the FLSA is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-cv, 2015 WL 4664283, *6 (2d Cir. Aug. 7, 2015)[1]; *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, Defendants request that this Court review the Settlement Agreements and Releases and approve the same.

4. The settlement was the product of arm's-length negotiations by Plaintiffs and Defendants. It provides relief to Plaintiffs, and eliminates the inherent risks the Parties would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

---

[1] A copy of this decision as Exhibit A.

5. Should Plaintiffs' claims have proceeded, regardless of whether the case would have proceeded as a collective action under Section 216(b) of the FLSA and/or Federal Rule of Civil Procedure 23, Plaintiffs and Defendants would have completed discovery, briefed their motions for class certification and/or to approve notice, possible dispositive motions and set the matter for trial. If Plaintiffs prevailed on their claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay Plaintiffs' attorneys' fees and costs. If Defendants prevailed, Plaintiffs faced dismissal of their claims and no recovery.

6. Lastly, Defendants do not oppose the requested attorney's fees and costs by Plaintiffs.

7. For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

8. The Parties have submitted an Agreed Proposed Order for the Court's consideration to Proposed_Order_Kendall@ilnd.uscourt.gov.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Settlement Agreement and Release, and dismiss all of Plaintiffs' claims in this lawsuit with prejudice, with each party to bear its own fees and costs in accordance with the Settlement Agreements and Releases.

Dated: October 26, 2015                                   Respectfully submitted,

| | |
|---|---|
| MIZRAHI GRILL LLC and ELIYAHU MIZRAHI | ALEXANDER SALAY-MARTINEZ and ELMER AUGUSTO MARTINEZ |

/s/ William G. Wake                                        /s/_____
One of its Attorneys                                         One of their Attorneys

Antonio Caldarone                                          Raisa Alicea
William G. Wake                                             ralicea@yourclg.com
acaldarone@lanermuchin.com                       Consumer Law Group, LLC

wwake@lanermuchin.com  
Laner Muchin, Ltd.  
515 North State Street, Suite 2800  
Chicago, Illinois 60654  
(312) 467-9800  
(312) 467-9479 (fax)

6232 North Pulaski Road, Suite 200  
Chicago, Illinois 60646  
(312) 800-1017

## **CERTIFICATE OF SERVICE**

William Wake, an attorney, hereby certifies that on October 26, 2015, he caused the foregoing **Joint Motion for Approval of Settlement Agreements and Releases** to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by operation of the Court's CM/ECF system and served on all counsel of record as follows:

> Raisa Alicea
> Consumer Law Group, LLC
> 6232 North Pulaski Road
> Suite 200
> Chicago, IL 60646
> (312) 800-1017
> ralicea@yourclg.com


> /s/William Wake
> William Wake